IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JULIUS BELL, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-01110- |
| | § | ALM-AGD |
| MIDLAND NATIONAL, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Plaintiffs Julius Bell and Cynthia Bell's opposed Motion to Remand (Dkt. #3). Having reviewed the Motion (Dkt. #3), Defendant Midland National's Response (Dkt. #9), Plaintiffs' Reply (Dkt. #10), and all other relevant pleadings, the court recommends that Plaintiffs' Motion to Remand (Dkt. #3) should be denied.

**BACKGROUND**

Plaintiffs allege that they purchased a life insurance policy for Julius Bell that provided a $90,000 death benefit and included a $50,000 additional insured rider for Cynthia Bell (the "Policy") (Dkt. #1, Exhibit A at p. 3). The Policy was issued on January 6, 1989, and Plaintiffs claim they have made each premium payment since the Policy's issuance (Dkt. #1, Exhibit A at p. 3). Plaintiffs allege that they "have paid Defendant hundreds of dollars for an agreed upon amount of life insurance," but that Defendant is claiming the amount paid is insufficient to support the Policy (Dkt. #1, Exhibit A at p. 4). Accordingly, on November 6, 2023, Plaintiffs filed their Original Petition in state court seeking an accounting of the Policy "for all interest charges and

other charges, fees, deductions, and amounts Defendant contends affects the amount of life insurance or cash surrender value." (Dkt. #1, Exhibit A at p. 4). Plaintiffs also seek a declaratory judgment to establish that the Policy continues to cover the $90,000 death benefit and $50,000 rider; "any policy debt be reduced to the $5000.00 advanced upon the policy"; that the premiums paid have been sufficient to maintain the amount of life insurance; and any other necessary declaratory relief (Dkt. #1, Exhibit A at p. 4).

On December 15, 2023, Defendant filed a Notice of Removal in the instant lawsuit (Dkt. #1). Defendant alleges removal is proper based on diversity of citizenship and an amount in controversy over $75,000 (Dkt. #1 at pp. 2–4). On December 20, 2023, Plaintiffs filed a Motion to Remand, claiming that the amount in controversy does not exceed $75,000 (Dkt. #3 at pp. 1–2). After being granted an extension, Defendant filed its Response on January 17, 2024 (Dkt. #9). Plaintiffs filed their Reply on January 23, 2024 (Dkt. #10). Plaintiffs' Motion to Remand is now fully briefed and ripe for consideration.

**LEGAL STANDARD**

The federal removal statute allows a defendant to remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)); *see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018) ("A removing defendant bears the burden of pointing to the evidence demonstrating that removal is proper.") (citations omitted). "Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand."

*B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F. Supp. 3d 632, 637 (E.D. La. 2021) (citing *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, "[w]hen removal is defective for lack of subject matter jurisdiction, the district court must remand the action regardless of whether the parties have moved the court to do so." *White v. Garcia*, No. 4:22-CV-00746, 2022 WL 17968764, at *2 (N.D. Tex. Nov. 28, 2022), *report and recommendation adopted*, 2022 WL 17968757 (N.D. Tex. Dec. 27, 2022) (citing *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998); *Int'l Primate Prot. League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. § 1332. "A court may determine that removal was proper if it is facially apparent from the complaint that plaintiff's claims are likely to be above the jurisdictional amount." *Hinkle v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-829, 2012 WL 462946, at *1 (E.D. Tex. Jan 20, 2012), *report and recommendation adopted*, 2012 WL 462950 (E.D. Tex. Feb. 13, 2012) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)).

## ANALYSIS

In the present action, the parties do not dispute that they are completely diverse for diversity jurisdiction purposes. Thus, the court must determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional limit of $75,000.

Fifth Circuit precedent is clear: "In actions for declaratory judgment, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 352 (5th Cir. 2023) (quoting *Hunt v. Wash. State Apple*

*Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019)). "In other words, the amount in controversy in such actions 'is the value of the right to be protected or the extent of the injury to be prevented.'" *Id.* (quoting *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). When coverage of the insurance policy is sought through declaratory judgment, the policy is the object of the litigation. *St. Paul Reins. Co., Ltd.*, 134 F.3d at 1253.

Defendant relies on the same principle from Fifth Circuit precedent (Dkt. #9). However, Plaintiffs argue the Defendant's case law is inapplicable in the present matter. Instead, Plaintiffs urge the court to consider *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908 (5th Cir. 2002). However, *Hartford* is not analogous to the instant matter as it was about a claim for a particular occurrence under an insurance policy.

In *Hartford*, the insurer brought a declaratory action, asserting that it was not responsible to indemnify or defend the insured for a particular claim under the policy. *Hartford*, 293 F.3d at 909. While the insurer argued that the policy limit determined the amount in controversy, the Fifth Circuit held that it was either the claim under the policy *or* the policy limit, whichever is the potential liability, that controlled. *Id.* at 911–12. In *Hartford*, the insured filed a claim for $261.42 and the policy limit was $1 million. *Id.* at 909–10. Acknowledging that the policy limit may serve as the determining factor for some declaratory actions, *Hartford* clarified as follows:

> We recognize that under certain circumstances the policy limits will establish the amount in controversy. Specifically, the policy limits are controlling "in a declaratory action . . . as to the validity of the entire contract between the parties." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3D § 3710 (3d ed. 1998); *see also Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (holding that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy). However, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, "the jurisdictional amount in controversy is measured by

> the value of the underlying claim – not the face amount of the policy." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE: Jurisdiction 3D § 3710 (3d ed. 1998).

*Id.* at 911. Thus, because the potential liability in *Hartford* was $261.42, the policy limit was not determinative of the amount in controversy.

Here, it is clear that Plaintiffs seek declaratory judgment as to the validity of the entire life insurance policy, not the applicability of an insurance policy to a particular occurrence. Indeed, Plaintiffs seek declaratory judgment that "[t]he amount of life insurance covering Plaintiffs continues to be the amount stated [$90,000 death benefit + $50,000 rider]." (Dkt. #1, Exhibit A at p. 4). Thus, it is "the validity of the entire contract between the parties" that is the object of the litigation, and Plaintiffs' reliance on *Hartford* is misplaced.

The value of the Policy at stake totals $140,000. As such, the court finds that Defendant has met its burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold. Therefore, because the parties are diverse and the amount in controversy exceeds $75,000, the court recommends that Plaintiffs Motion be denied.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Plaintiffs' Motion to Remand (Dkt. #3) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of August, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE